NO. 07-10-0477-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 16, 2012

_____

In the Interest of B.Y.,

A Child

_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. DFC-09-06665; HON. PHIL N. VANDERPOOL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Latazha Youngblood Sanchez had her parental rights to B.Y. terminated and has appealed from that order. Initially, appellant's appointed counsel filed an *Anders*[1] brief, however, we found that he had raised an arguable issue on appeal concerning the failure of trial counsel to timely file points on appeal as required by the Texas Family Code. We abated the matter back to the trial court for appointment of new counsel and for that issue to be addressed along with any other issues that warranted briefing. Appellant's newly appointed counsel has now filed a motion to withdraw, together with an *Anders* brief wherein he certified that, after diligently

---

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

searching the record, he has concluded that the appeal is without merit. Appellant has filed a response to the *Anders* brief.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed several potential areas for appeal. They included 1) the effective assistance of trial counsel, 2) the sufficiency of the evidence to support termination under the statutory grounds alleged, and 3) whether termination was in the best interest of the child. However, counsel then proceeded to explain why the issues were without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). Upon conducting that review, we determined that appellant 1) had notice of the grounds proffered for terminating her parental rights, 2) appeared at the hearing, and 3) through counsel, had the opportunity to defend against the accusations, present evidence and cross-examine witnesses. Furthermore, the evidence presented at trial legally and factually supported at least one of the grounds for termination. *See In re P.E.W*., 105 S.W.3d 771, 777 (Tex. App.–Amarillo 2003, no pet.) (holding that though the trial court found several statutory grounds warranting termination of the parent/child relationship, we need not determine whether each enjoys the requisite amount of evidentiary support. Instead, the decision may be affirmed if the evidence supports the existence of one ground and that termination is in the best interest of the child). The record also contains evidence upon which the trial court could clearly and convincingly find that termination of appellant's parental rights was in the best interest of the child.

This is not to say that this court would have terminated parental rights in this instance had it been the factfinder. Of course that is not the applicable standard of review. Instead, we defer to the actual factfinder's consideration of the evidence. And, having found no arguable merit to the appeal, we affirm the order for termination and grant counsel's motion to withdraw.


Brian Quinn
Chief Justice